990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin ADAMS, Plaintiff-Appellant,
v.
John M. RATELLE, et al., Defendants-Appellees.
 No. 92-56315.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benjamin Adams, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Adams contends that the district court erred by finding that he failed to show that he had contracted herpes by sharing an insulin bottle with other insulin dependent prisoners. We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 In order to sustain a federal claim, there must be an allegation of "real and immediate" injury. Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). There must be an injury in fact, not an abstract injury or one which is conjectural or hypothetical. Id. Adams alleges that the injury he has suffered is the contraction of herpes. He claims that he contracted herpes from being forced to share an insulin bottle with other insulin dependent diabetic prisoners in November and December of 1991.
 
 
 5
 Defendant Dr. Wilson, the facility's physician, has submitted a declaration stating that after examining Adams, it is his professional opinion that Adams does not have genital herpes. He indicated that his diagnosis was that Adams had a rash on his penis. In addition, defendant Harlow, the Senior Medical Technical Assistant at the facility, submitted an affidavit stating that after examining Adams' medical files, he found that Adams has never been diagnosed with genital herpes. However, Adams' medical records do indicate that he was treated for a similar rash in 1987 and 1989. Moreover, it is Dr. Wilson's professional opinion that it is not medically possible to contract genital herpes through anything other than sexual contact.
 
 
 6
 Adams has offered no probative evidence which supports his claim that a genuine issue of material fact exists. See Anderson, 477 U.S. at 250. He has offered no declaration by any doctor that he has herpes. He merely states his opinion that the rash could be nothing else except herpes. Therefore, the district court did not err by granting summary judgment in favor of the defendants. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3